## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2014-0817, <u>In the Matter of W. Elizabeth Scheidegg and Jason Pulsifer</u>, the court on September 17, 2015, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Accordingly, we vacate that part of our March 12, 2015 order assigning the case to the 3JX docket for oral argument. We vacate and remand.

The petitioner, W. Elizabeth Scheidegg (mother), appeals the order of the Circuit Court (<u>Cooper</u>, M., approved by <u>Carbon</u>, J.) denying her request to relocate to South Carolina with the parties' minor child over the objection of the respondent, Jason Pulsifer (father). The petitioner argues that the court erred in concluding that the proposed location is not reasonable in light of her purpose for relocating.

The parties were divorced in 2012. Under the terms of the parenting plan, they share decision-making responsibility for their daughter. The mother has primary residential responsibility, and the father has parenting time every other weekend. In July of 2014, the mother notified the father of her intent to relocate to South Carolina with their daughter, who is now eleven years old. The father objected, and on September 23, 2014, the court held a brief hearing based upon offers of proof. At the hearing, the mother informed the court that she wishes to relocate to Mt. Pleasant, South Carolina, for several reasons. First, her father lives in the area. Second, she has become romantically involved with a life-long friend who lives in the area, with whom she has signed a lease for a new home. Third, she was being evicted from the farmhouse where she lived with her daughter, after the owner decided to move back into the house. Fourth, she was unable to find suitable long-term employment in New Hampshire within her specified field. At the time of the hearing, she had interviewed for positions within her field in South Carolina, and her prospects for employment, according to her offer of proof, were good.

RSA 461-A:12 (Supp. 2014) governs relocation requests. <u>In the Matter of Martin & Martin</u>, 160 N.H. 645, 647 (2010). RSA 461-A:12, V provides that:

The parent seeking permission to relocate bears the initial burden of demonstrating, by a preponderance of the evidence; that:

(a)  The relocation is for a legitimate purpose; and

(b)  The proposed location is reasonable in light of that purpose.

"Once the parent has met this prima facie burden, the burden shifts to the other parent to prove, by a preponderance of the evidence, that relocating is not in the child's best interests."  In the Matter of Heinrich & Curotto, 160 N.H. 650, 655 (2010); see RSA 461-A:12, VI.  We review the trial court's order on a relocation request under our unsustainable exercise of discretion standard. See Heinrich, 160 N.H. at 655.

The trial court found that while the mother's purpose for seeking to relocate is legitimate, the proposed location is not reasonable in light of that purpose.  In reaching this conclusion, the court noted that the mother "has not demonstrated that she has sought employment in locations closer to [the daughter's] current residence."  The court found that the mother "provided no evidence of having conducted any meaningful job search in New Hampshire" or of having "located any employment whatsoever in South Carolina."  The court found that the mother's employment history "demonstrates a proficiency with office management and training," skills which "appear to be transferable and employable, both here in New Hampshire and in other places."

The trial court also noted that "while the [mother] might find that relocation would be more enjoyable for her, and, might present additional opportunities for the minor child, she has not demonstrated that such a change would allow the minor child to continue to have an active and regular involvement of both of her parents in her life, which the New Hampshire legislature has determined is in [the daughter's] best interest."

In her verified motion for reconsideration, the mother informed the trial court that she has received an offer of employment in Mt. Pleasant, South Carolina, as an executive media coordinator, at a salary of $75,500 per year, which is higher than she has ever earned in New Hampshire.

"[A] relocation motivated by a legitimate purpose should be considered reasonable unless its purpose is shown to be substantially achievable without moving, or by moving to a location that is substantially less disruptive of the other parent's relationship to the child."  Tomasko v. DuBuc, 145 N.H. 169, 171-72 (2000) (quotation omitted).  In concluding that the mother's proposed location is not reasonable, the trial court appears to have considered only economic factors.  However, the mother gave additional, non-economic reasons for seeking to relocate to Mt. Pleasant, South Carolina, including the fact that her father lives in the area and that she has become romantically involved with a life-long friend who lives in the area, factors that are connected to that specific location.  In addition, it appears that the trial court may have improperly placed the burden on the mother to prove that relocation is in the

2

child's best interest.  See Heinrich, 160 N.H. at 655 (noting that once the parent seeking to relocate demonstrates that the purpose is legitimate and that the location is reasonable, the burden shifts to the other parent to prove that relocating is not in the child's best interest).

Accordingly, we vacate the trial court's order and remand for the court to make findings as to whether the proposed location is reasonable in light of all the reasons given by the mother, and for further proceedings consistent with this order.

In light of our decision, we need not consider the mother's remaining arguments.

Vacated and remanded.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**